HEARD APRIL TERM, 1876.

## GIBSON *vs.* GIBSON.

After notice of appeal from an order made under a rule against the Sheriff directing an attachment to issue against the Sheriff, the Circuit Court has jurisdiction to modify the order so as to meet the justice and law of the case.

A party in whose favor the modification is made could not well interpose an objection to it.

BEFORE CARPENTER, J., AT EDGEFIELD, NOVEMBER TERM, 1875.

On February 20, 1867, Ambrose Gibson entered up a judgment, in the Court of Common Pleas for Edgefield County, against Nancy Gibson, for $3,208.34, and on March 30, 1874, A. P. West and P. Jennings, for another, recovered another judgment against Nancy Gibson, which was entered up in the same Court on that day. On the 1st .of October, 1874, execution was issued on the judgment of West and Jennings, and immediately thereafter H. Wall, Sheriff of Edgefield County, levied the same upon land belonging to the defendant in the execution. The land was sold by the Sheriff on the 4th day of January, 1875, and this was a rule upon him on behalf of Ambrose Gibson to show cause why the proceeds of the sale should not be applied to his (Ambrose Gibson's) judgment.

The first order made by the Circuit Court upon the rule to show cause was dated November 20th, 1875, and on November 27th, 1875, notice of appeal therefrom, on behalf of the Sheriff and West and Jennings, the junior judgment creditors, was duly served, and on the 29th of November, 1875, the second order of the Circuit Court was made.

The terms of the above mentioned orders, and such other facts as may be necessary to a full understanding of the case, will be found in the opinion of this Court.

The grounds of the appeal are as follows:

1. Because the said Hardy Wall was entitled under the law to deduct the expenses of said sale from the proceeds thereof.

2. Because the said Hardy Wall was entitled, under the law, to deduct the costs of the action and execution under which said land was sold from the proceeds.

3. Because there was at the time of said sale no execution in the hands of the said Hardy Wall, Sheriff, on the judgment of the said Ambrose Gibson, the original execution having lost its active energy and been returned to the Clerk.

4. Because the said Hardy Wall was not required by law to take notice of said judgment when there was no execution issuing there-from in his hands.

5. Because the said Hardy Wall should have been authorized by said order to pay the expenses of the sale of said land and the costs of the case under which it was sold from the proceeds of said sale.

*A. J. Norris,* for appellants.

*Bonham,* contra.

June 7, 1876. The opinion of the Court was delivered by

WRIGHT, A. J. There were two judgment creditors of Mrs. Nancy Gibson. She was possessed of land which was levied upon and sold under the execution in the junior case. The funds arising from the sale being in the hands of H. Wall, then Sheriff of Edgefield County, the contest was between the two judgment cred-itors as to how said funds should be applied.

The costs on the execution in the junior case were regularly taxed. The senior judgment creditor gave notice to the Sheriff before the sale that the money arising from the said sale should be applied to his judgment, and after the sale a rule was served upon the Sheriff requiring him to show cause why all the money received by him from the sale of the land of Mrs. Nancy Gibson should not be applied to the payment of the senior judgment. The rule was answered by the Sheriff, and the plaintiff in the junior case stated that all the said proceeds of sale had been applied to the senior judgment except so much thereof as were required to pay the costs and disbursements and expenses of the sale of the land in the junior case, the sale of the land having been made under the execu-tion in that case, and that the whole costs and expenses of the case should be paid out of the funds arising from said sale.

After hearing the return, His Honor the presiding Judge, on the 20th day of November, 1875, made the following order:

"That H. Wall, late Sheriff, do pay to the said senior plaintiff or his attorney the whole balance of $500 for which the land was sold on or before the first Monday in January, 1876, and that failing to do so he be attached for contempt of the order of this Court."

From this order the junior judgment creditor and H. Wall, late Sheriff of Edgefield County, appealed on the 27th day of the same month and stated the grounds of their appeal.

On the 29th day of November, 1875, on motion of the attorney for the senior judgment creditor, the order of November 20 was modified by His Honor Judge R. B. Carpenter, as follows:

"That said Hardy Wall is hereby directed to pay over, in accordance with the terms of the original order, the whole balance of the $500 received by him from the sale of the land of said Nancy Gibson on the judgment of said Ambrose Gibson, after deducting his fees, commissions and expenses of said sale, said fees, &c., to be confined to the sale and not extend to the tax costs of the suit— only to the sale of the property."

It is thus perceived that the order of November 20th, 1875, is so modified by the order of November 29th as to allow the "expenses of sale" incurred under the junior execution to be paid out of the proceeds of the sale. The appropriation of the proceeds thus directed was in strict conformity with the long-established practice, maintained and confirmed by numerous decisions, to be found in the reports. The appellant, however, contends that after his notice of appeal the Court was without jurisdiction to modify the order, but in no point of view is the exception well taken.

The question arose on a rule against the Sheriff, which had resulted in an order for his attachment unless he paid over to the oldest judgment the whole proceeds of the sale.

If it appeared to the presiding Judge before his order had been executed that the conditions on a compliance with which the sale could only be discharged were in excess of those which should lawfully have been imposed, while the order was under his control, the time not having expired, we can see nothing which prevents his reforming it to meet the justice and law of the case.

The exception, however, could not well be interposed by the party in whose favor the modification was made. The motion is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.